AYRES v. DESPORTES.

1. NOTES AND BILLS—PUBLIC POLICY.—A DEED OF ASSIGNMENT executed in New York and there valid, but invalid under the laws and public policy of this State, confers on assignee no title to note executed by citizen of this State, and passing to assignee under said deed before maturity.

2. INDORSER—ASSIGNMENT—ESTOPPEL.—The fact that an indorser of said note has accepted a dividend as a creditor of such assigned estate, does not estop him from setting up as a defense to an action on the note the invalidity of the deed of assignment.

Before WATTS, J., Richland, April, 1899. Reversed.

Action on note by Marshall Ayres against S. L. and W. L. DesPortes, executors of R. S. DesPortes, and John A. DesPortes. From judgment against executors of R. S. DesPortes the defendants appeal.

*Messrs Ragsdale & Ragsdale,* for appellants, cite: *Deeds*

*of assignment with preferences are void in this State:* 31 S.
C., 346; 46 S. C., 337. *A deed of assignment executed in
New York, and there valid, is invalid here if it conflicts with
our laws:* 6 Mass., 378; 37 Ga., 262; 1 Gray, 244; 44 Conn.,
204; 29 S. C., 262; 45 S. C., 344; 1 Mill. Con. R., 283; 4
McC., 519; 7 Gray, 406; 129 Mass., 314. *Equity will set
off a separate against a joint debt in certain instances:* 2
Paige, 581; 2 Verm., 117; 4 Conn., 302; 2 Ham., Ohio, 320;
1 Litt., 153; 10 Paige, 370; 136 N. Y., 167; 12 Ves., 346;
48 N. Y., 674; 80 N. Y., 660; 136 N. Y., 163; 119 N. Y.,
60; 17 N. J., 219; 43 N. Y., 419; 6 Dana, 33, 305; 9 Mon.,
120; 8 B. Mon., 443; 55 S. C., 528; 3 McC., 248; Code,
171; 2 Hill, *423. *John A. DesPortes is not estopped from
setting up this defense by receiving the dividend:* 13 S. C.;
370, 371.

*Messrs. John T. Sloan, Jr.,* and *Bachman & Youmans,*
contra, cite: *Deposit of Jno. A. DesPortes could enure to
his own benefit only:* 10 M. & W., 695; 28 Eng. L. and E.,
524; 5 Mason, 210; 18 S. C., 289; 1 Strob., 302; 1 Speer,
382; Code, 133; 55 S. C., 528. *Not permissible in equity:*
Code, 171, 157; 55 S. C., 528; 18 S. C., 605; 22 S. C., 309;
10 S. C., 130, 466, 185; 46 S. C., 188; 20 S. C., 535; 21 S.
C., 279. *Joint and several demands cannot be set off
against each other, even in cases of assignment and insol-
vency:* N. & McC., 556; 1 McC., 8; 2 McC. Ch., 184; Bail.
Eq., 158; 5 Strob., 126; 4 Rich., 546; 7 Rich., 356; 53 S.
C., 592; 55 S. C., 87; 3 Johns. Ch., 358, 579, 11; 2 Black-
ford, 349; 3 Merrio., 618; 2 Ibid., 121; 65 N. C., 386; 1 C.
& P., 161; 65 N. C., 388; 5 Mass., 201; 7 Rich. Eq., 353;
17 How., 455; 7 Md., 393; 8 Paige, 597; 6 Wheat., 567; 2
How., 391; 22 Ohio, 297; 6 Paige Ch., 227; 2 Ib., 581; 11
Ves., 27; 19 Ib., 467; 12 Ib., 347; 3 Ib., 248; 3 Hare, 574;
*Jno. A. is estopped from setting up invalidity of assignment
by his acceptance of dividend thereunder:* 71 Me., 526; 3
Pet., 411; 6 S. W. R., 246; L. R., 3 Ch., 195; 6 Bush., 198;
61 Mo., 186; 43 Conn., 155; 1 Rawle, 163; 29 N. Y., 310;

35—56

7 How., 276. *Assignment good in New York good here:* 29 S. C., 453; 7 Wall., 151; 93 U. S., 654; 128 U. S., 498; 11 Rich. Eq., 460; 38 Am. R., 520; 44 Conn., 196. *Court should have decided equitable defenses:* 54 S. C., 157; 12 S. C., 108.

March 12, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action is against the defendants, R. S. DesPortes and John A. DesPortes, as joint indorsers on a promissory note for $2,500, made by U. G. DesPortes, May 15th, 1890, and payable to their order at the office of Sawyer, Wallace & Co., in New York city, six months after, which was negotiated for value before maturity to Sawyer, Wallace & Co. Before the maturity of the note, being insolvent, Sawyer, Wallace & Co., merchants and bankers, in New York, on September 4, 1890, made an assignment for the benefit of creditors to the plaintiff, as assignee, and among the assets delivered to plaintiff under the assignment was the note sued on. At the time of assignment, U. G. DesPortes, the maker of the note, had $2,015.62 on deposit with the assignors, and the defendant, John A. DesPortes, had on deposit with the assignors $3,742.69. The assignment contained a preference in favor of the individual creditors as to the individual property of the members of the firm. Defendants contended: (1) that the assignment was void in this State for the preference, and that plaintiff, therefore, had no title on which to maintain this suit; (2) that the deposit of the principal debtor, U. G. DesPortes, was an equitable set off against the note; and (3) John A. DesPortes claimed the right to set off his separate deposit against the defendant's joint indebtedness. On the trial, plaintiff conceded that the deposit of U. G. DesPortes should be credited on the note, and only claimed the balance remaining. The Circuit Court overruled the defendants' contention as to the right and title of plaintiff to maintain this action. As to the

third contention, the Circuit Court substantially instructed the jury that the deposit of John A. DesPortes could not avail R. S. DesPortes, but would avail John A. DesPortes as an equitable set off in this action.   Under the instruction, the jury found for the plaintiff against R. S. DesPortes alone for one-half of the balance claimed.   The defendants appeal.

The first question presented is whether the Circuit Court erred in overruling defendants' first contention.   We think the Court erred.   The general rule that a purely voluntary assignment of personal property for the benefit of creditors, if valid by the laws of the owner's domicile where made, will operate to transfer title to such property in this State, is subject to the qualifications that such assignment must not conflict with the statute law or public policy of this State.   This was expressly so ruled in *Ex parte Dickinson, in re Sheldon* v. *Blauvelt,* 29 S. C., 462. In that case, Dickinson, as assignee under an assignment for the benefit of creditors made in New York and valid there, but containing a preference in conflict with the statute law of this State, intervened in a suit by creditors of his assignor against the assignor, and claimed title to certain property in this State, a part of which the Circuit Court adjudged to be personal property, which had been attached in said suit subsequent to the recording of the deed of assignment here. This Court held that the assignment being void because in conflict with our statute, conveyed no title to the assignee to either real or personal property in this State.   We do not see how the case at bar can be distinguished in principle from the case cited.   There can be no doubt that the assignment in question must be held void in this State because of the preference to the individual creditors in the individual property of the assigning members of the firm of Sawyer, Wallace & Co.   *Middleton* v. *Taber,* 46 S. C., 337. The suit is to recover on a chose in action, which is a mere evidence of a right to sue for money by the owner of the debt evidenced.   The chose, thing, money, which is sought

to be recovered, is personal property in this State, where the debtors reside. *Dial* v. *Gary,* 14 S. C., 573. The fact that the note is made payable in New York cannot affect this question, nor does it affect this question that the note was there delivered before maturity to the plaintiff. The complaint shows that the note was claimed by plaintiff as assignee for the benefit of creditors, and the evidence was undisputed that the note was delivered to plaintiff as assignee under the assignment for creditors, and there was no evidence at all that he held the note in any other capacity. Indeed, the jury were instructed that if there was any testimony going to show that plaintiff became the owner of the note other than as assignee for the benefit of creditors, then he was entitled to recover the whole amount. Under this charge, the verdict settles the fact that plaintiff's title rests solely upon the assignment for creditors. The assignment being void in this State, the right asserted under it here must fail. In the case of Dial *v.* Gary, *supra,* it appears that a citizen of Massachusetts died there, having in his possession a bond and mortgage for money owing to him by a citizen and resident of this State; that his administrator for value transferred this bond and mortgage to another citizen of this State, who brought action thereon, and this Court held that the assignee had not the right to bring action in this State. The reason upon which the decision rests is thus stated by the Court: "If a foreign administrator, by virtue of finding choses in action in the possession of his intestate at the time of his death abroad on persons in other States, is so far invested with title as to enable him to assign such choses in action to a third party, the rights of domestic creditors might be wholly destroyed, and all of the laws providing local administration under local authorities for the protection of such creditors eluded and overthrown." In that case, the contention was that the plaintiff's title was good because the Massachusetts administrator, by the law of that State, had the right to transfer title to the bond and mortgage by assignment. But title under such a transfer

was not upheld in this State, because to do so would conflict with the laws of this State providing for the administration of the assets of an intestate or decedent found in this State. So in the case at bar, to uphold plaintiff's title would be to enforce in this State an assignment made in another State, in direct conflict with an express statute here declaring such assignment absolutely void and of no effect.

It appears that John A. DesPortes has accepted a ten per cent. dividend from the assigned estate in New York on his deposit claim, but we do not think that fact estops the defendants from interposing the joint defense that plaintiff cannot assert title to property in this State under said assignment.

Having reached this conclusion, it becomes unnecessary to consider the question whether the deposit of John A. DesPortes, being in excess of the amount sued for, can be interposed as an equitable set off so as to exonerate not only John A. DesPortes, but also his codefendant, R. S. Des-Portes, as to the joint liability.

Under the view we have taken, it would be useless to remand the case for a new trial, as the inevitable result must be a dismissal of the complaint or a verdict for the defendants.

We, therefore, reverse the judgment of the Circuit Court and dismiss the complaint.